F I L E D
United States Court of Appeals
Tenth Circuit

JAN 30 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

KANSAS TEACHERS CREDIT
UNION,

     Plaintiff - Appellant,

v.

MUTUAL GUARANTY
CORPORATION,

     Defendant - Appellee.

No. 96-3126
(D.C. No. 94-1524-DES)
(District of Kansas)

ORDER AND JUDGMENT[*]

Before **BALDOCK**, **KELLY** and **LUCERO**, Circuit Judges.

Plaintiff Kansas Teachers Credit Union ("KTCU") appeals from summary

judgment granted in favor of defendant Mutual Guaranty Corporation ("MGC").

MGC is a nonprofit entity created to insure the deposits of its credit union

members. KTCU, a Kansas credit union, became a member of MGC in 1982 and

withdrew from membership in 1992. At issue are funds KTCU deposited with

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

MGC as capital contributions and special assessments (collectively, the "deposits"). When KTCU withdrew, MGC refused to return the deposits, which totaled just over $430,000. To support its decision, MGC cited a corporate bylaw allowing it to retain 100% of a member's deposits upon withdrawal.

KTCU advances eight reasons why it is entitled to have its deposits returned, all revolving around the propriety or enforceability of the corporate bylaw. The eight arguments include: (1) KTCU's compliance with the bylaw is excused by impracticability of performance; (2) KTCU's deposits with MGC are to be treated as KTCU's property under Kan. Stat. Ann. § 17-2255, and must be returned; (3) the bylaw constitutes an unenforceable penalty; (4) MGC did not possess the power to increase the withdrawal penalty; (5) a jury could conclude that the bylaw is, as a factual issue, unreasonable; (6) the bylaw is unenforceable against KTCU because it did not sign the bylaw amendment; (7) the bylaw is unenforceable because KTCU was given too little notice before the amendment became effective; and (8) a jury could conclude that the adoption and imposition of the bylaw violated the implied covenant of good faith and fair dealing. In granting summary judgment to MGC, the district court rejected each of these arguments, save the last, which apparently was not considered by the court as a separate defense to summary judgment.

In a recent case, Central Kansas Credit Union v. Mutual Guaranty Corp., 102 F.3d 1097 (10th Cir. 1996), we considered the same issues on nearly identical facts. Central Kansas Credit Union involved an MGC member that, like KTCU, sued MGC for return of its deposits, deposits retained by MGC under the same bylaw challenged here. Of the eight arguments raised by KTCU in this appeal, seven were made and resolved in MGC's favor in Central Kansas Credit Union. Upon reviewing the record in this case, we see no facts that distinguish this case from Central Kansas Credit Union or that would militate for a different result on any of the seven issues that were considered and resolved in that appeal.

The only issue KTCU raises in this appeal that was not addressed in Central Kansas Credit Union is whether a jury could reasonably find that adoption or application of the bylaw violated the implied covenant of good faith and fair dealing. Under Tennessee law, which both parties agree applies to this case, "an implied duty of good faith and fair dealing is recognized in every contract in its performance and enforcement." ACG, Inc. v. Southeast Elevator, Inc., 912 S.W.2d 163, 168 (Tenn. App. 1995). The substance of the duty depends on the individual contract, and the court must look to the language contained in the instrument and to the intention of the parties in order to impose a construction of the contract that is fair and reasonable. Id. "There is an implied undertaking in every contract on the part of each party that he will not intentionally or purposely

do anything . . . which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Winfree v. Educators Credit Union, 900 S.W.2d 285, 289 (Tenn. App. 1995) (quoting 17 Am. Jur. 2d Contracts § 256 (1964)).

While the implied duty of good faith and fair dealing applies to all contracts, it is unclear whether Tennessee would extend the duty to the performance of corporate bylaws, in which the relationship of the parties affected by the instrument might differ from that of parties to a simple bilateral contract. For the sake of argument, however, we assume that the duty does extend to performance of bylaw provisions. See IBJ Schroder Bank & Trust Co. v. Resolution Trust Co., 26 F.3d 370, 374 (2d Cir. 1994) ("'The rules of contract interpretation are generally applicable to the interpretation of bylaws.'" (quoting 8 Fletcher Cyc. Corp. § 4195 (rev. 1982))), cert. denied, 115 S. Ct. 1355 (1995); Unigroup v. O'Rourke Storage & Transfer, 980 F.2d 1217, 1221 (8th Cir. 1992) (noting that Missouri law "specifically implies a duty of good faith and fair dealing in every contract or by-law provision"). We conclude that MGC did not act in bad faith in implementing the express provisions of the bylaw.

By retaining KTCU's deposits, MGC did not injure the right of KTCU "to receive the fruits of the [insurance arrangement]." KTCU's complaint is that the bylaw, with its 100% forfeiture provision, acted to "lock in" its membership.

Appellant's Br. at 41. This court has already considered the propriety of MGC's motive and has held that under the circumstances facing the thrift industry and MGC it was reasonable as a matter of law to adopt and use the bylaw to strengthen the association. Central Kansas Credit Union, 102 F.3d at 1109-10. The expected fruits of KTCU's relationship with MGC was the protection of the credit union's assets. The bylaw, far from injuring or destroying KTCU's rights, in fact helped to effectuate them. Moreover, we are unwilling to rewrite what both parties agree is an express and unambiguous bylaw right via the rubric of the implied duty of good faith and fair dealing: "[i]t does not follow that acting according to the terms of the by-law is a breach of good faith and fair dealing." Unigroup, 980 F.2d at 1221. By applying the forfeiture bylaw upon KTCU's withdrawal—as it had upon the withdrawal of other credit unions—MGC did no more than the bylaws expressly allowed, and its actions did not violate any duty of good faith and fair dealing in its relationship with KTCU.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge